**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-41613-BEM |
| | ) | |
| Lisa Renee Martin, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |

**NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN,**
**DEADLINE FOR FILING WRITTEN OBJECTIONS AND**
**HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED**

**To: Creditors and Other Parties in Interest**

**PLEASE TAKE NOTICE** that Debtor has filed a proposed modification to the confirmed plan in this case, a copy of which modification you are receiving with this Notice or have recently received by mail. Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed modification must file that objection in writing with the Court on or before the following deadline.

**DEADLINE FOR FILING OBJECTION:** Twenty-four (24) days after the date on which this proposed Modification was filed. The proposed Modification was filed on **December 6, 2022**. If the twenty-fourth day after the date of filing falls on a weekend or holiday, the deadline is extended to the next business day.

**PLACE OF FILING:**	Clerk, United States Bankruptcy Court
Room 339
600 East First Street
Rome, Georgia 30161-3187

If you mail an objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the deadline stated above.

You must also serve a copy on the undersigned at the address stated below and on the Debtor at: 503 E Langston Way, Dalton, GA 30720

**PLEASE TAKE FURTHER NOTICE** that if an objection to the proposed Modification is timely filed, the Court will hold a hearing on the Modification on **January 18, 2023 at 9:50 a.m. in Courtroom 342, U.S. Courthouse, 600 East First Street, Rome, GA**. **If no objection is timely filed, the Court may approve the proposed Modification without further notice or hearing.**

**Dated:** December 6, 2022

/s/_____
Dan Saeger, Attorney for Debtor
Georgia Bar No. 680628
SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
dansaeger@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-41613-BEM |
| | ) | |
| Lisa Renee Martin, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |

**AMENDED CHAPTER 13 PLAN COVER SHEET**

1. Amended to reduce the plan payment to $1 per month.

2. Amended to remove the claim of Ally Financial from section 3.2.

3. Amended section 3.5 to surrender the 2011 Nissan Juke to Ally Financial.

This the 6th day of December, 2022.


/s/_____
Dan Saeger
SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
dansaeger@gmail.com

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Lisa     Renee     Martin |
| | First Name    Middle Name    Last Name |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the Northern District of Georgia | |
| Case number (if known) | 19-41613 |

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

2.1, 3.2, 3.5, 9.1

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| | | Included | Not Included |
|---|---|---|---|
| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☒ Included | ☐ Not Included |
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☒ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not Included |

| Debtor | Lisa Renee Martin | Case number | 19-41613 |

| **Part 2:** | **Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims** |

**§ 2.1 Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*   ■ 36 months     ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay __$1.00__ per __month__ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| **Beginning on** *(insert date):* | **The Regular Payment amount will change to** *(insert amount):* | **For the following reason** *(insert reason for change):* |
|---|---|---|
|  | _____ per __week__ |  |

**§ 2.2 Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

■ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3 Income tax refunds.**

*Check one.*

■ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:
_____

**§ 2.4 Additional Payments.**

*Check one.*

■ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**§ 2.5 [Intentionally omitted.]**

**§ 2.6 Disbursement of funds by trustee to holders of allowed claims.**

**(a) Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

**(b) Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

**(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and

orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursements after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee otherwise in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

## Part 3: Treatment of Secured Claims

**§ 3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Vanderbilt | Primary Residence - 503 E Langston Way, Dalton, GA 30720 | $74.12 | 0 % | $2.00 |

**§ 3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check all that apply.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

Debtor  Lisa Renee Martin                                    Case number  19-41613

**§ 3.3  Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**§ 3.4  Lien avoidance.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5  Surrender of collateral.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

■ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim.  The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects.  Confirmation of the plan results in termination of such stays.  Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.  No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| + | Name of Creditor | Collateral |
|---|---|---|
| - | Ally Financial | 2011 Nissan Juke Purchased 10/21/2016 |

**§ 3.6  Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __5.5__ %.  Payments will commence as set forth in § 2.6.  Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor  Lisa Renee Martin                                          Case number  19-41613

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**§ 4.1   General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2   Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3   Attorney's fees.**

(a)  The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $___4,000.00_____. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b)  Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c)  The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d)  From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e)  The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $____100.00_____ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f)  If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $___2,500.00____, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g)  If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $___2,500.00____, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h)  If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i)  If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4   Priority claims other than attorney's fees.**

☒ **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**§ 5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☒ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

### § 5.3 Other separately classified nonpriority unsecured claims.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

### § 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

### § 7.1 Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

## Part 8: Nonstandard Plan Provisions

### § 8.1 Check "None" or list Nonstandard Plan Provisions.

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signatures

### § 9.1 Signatures of Debtor(s) and Attorney for Debtor(s).

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

✗ /s/ Lisa Renee Martin
Signature of debtor 1 executed on  12/6/2022
MM / DD / YYYY

✗
Signature of debtor 2 executed on
MM / DD / YYYY

503 E Langston Way Dalton, GA 30720
Address                                City, State, ZIP code

Address                                City, State, ZIP code

✗ /s/ Dan Saeger
Signature of attorney for debtor(s)

Date: 12/6/2022
MM / DD / YYYY

Saeger & Associates, LLC
Firm

706 S Thornton Ave Ste D, Dalton, GA 30720
Address                                City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of Debtor's **Post-Confirmation Amendment to the Chapter 13 Plan and Notice of Filing of Modification of Confirmed Plan, Deadline for Filing Written Objections and Hearing Date and Time if Objection is Timely Filed** have been served upon the following by placing same in an envelope with adequate First Class postage affixed and depositing same in the United States Mail addressed for delivery to:

All parties and creditors on the attached matrix.

This the 6th day of December, 2022.

/s/_____
Dan Saeger
Attorney for Debtor
Georgia Bar No. 680628

SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
dansaeger@gmail.com

```
Label Matrix for local noticing          Ally Bank                                 Ally Bank
113E-4                                   c/o AIS Portfolio Servicing, LP           PO Box 130424
Case 19-41613-bem                        4515 N Santa Fe Ave. Dept. APS            Roseville, MN 55113-0004
Northern District of Georgia             Oklahoma City, OK 73118-7901
Rome
Tue Dec  6 15:09:22 EST 2022

Ally Financial                           Capital One Bank (USA), N.A.              Capital One Bank USA, N.A.
PO Box 380901                            by American InfoSource as agent           PO Box 30285
Bloomington, MN  55438-0901              4515 N Santa Fe Ave                       Salt Lake City, UT  84130-0285
                                         Oklahoma City OK 73118-7901


Comenity Bank/Lane Bryant                Dept of Education/Navient                 Direct TV
PO Box 182789                            PO Box 9635                               2260 E Imperial Hwy
Columbus, OH 43218-2789                  Wilkes Barre, PA  18773-9635              El Segundo, CA  90245-3501



Floyd Medical Center                     HAMITLON MEDICAL CENTER INC               Hamilton Medical Center
PO Box 233                               C/O NATIONWIDE RECOVERY SERVICE           1200 Memorial Dr
Rome, GA 30162-0233                      PO BOX 8005                               Dalton, GA  30720-2529
                                         CLEVELAND, TN 37320-8005


LVNV Funding LLC                         LVNV Funding LLC                          Lending Club
P.O. Box 10587                           c/o Resurgent Capital Services            71 Stevenson St Ste 300
Greenville, SC 29603-0587                PO Box 10587                              San Francisco, CA  94105-2985
                                         Greenville, SC   29603-0587


LendingClub Corporation                  Vanessa A. Leo                            Lisa Renee Martin
595 Market Street                        Shapiro Pendergast & Hasty, LLP           503 E Langston Way
Suite 200                                211 Perimeter Center Parkway NE           Dalton, GA 30720-7209
San Francisco, CA 94105-2807             Suite 300
                                         Atlanta, GA 30346-1305


(p)NATIONWIDE RECOVERY SERVICE           Navient Solutions, LLC on behalf of       PRA Receivables Management, LLC
ATTENTION PAULA TILLEY                   Department of Education Loan Services     PO Box 41021
PO BOX 8005                              PO BOX 9635                               Norfolk, VA 23541-1021
CLEVELAND TN 37320-8005                  Wilkes-Barre, PA 18773-9635


Quantum3 Group LLC as agent for Comenity Ban   Radius Global Solutions LLC         SCA Collections
PO Box 788                               7831 Glenroy Rd Ste 250A                  300 E Arlington Blvd # BD 6A
Kirkland, WA 98083-0788                  Minneapolis, MN  55439-3132               Greenville, NC 27858-5043



Dan Saeger                               K. Edward Safir                           Syncb/PaypalSmartconn
Saeger & Associates, LLC                 Standing Chapter 13 Trustee               PO Box 965005
Suite D                                  Suite 1600                                Orlando, FL 32896-5005
706 S Thornton Ave                       285 Peachtree Center Ave. NE
Dalton, GA 30720-8212                    Atlanta, GA 30303-1259


Synchrony Bank                           (p)VANDERBILT MORTGAGE AND FINANCE INC
c/o PRA Receivables Management, LLC      P O BOX 9800
PO Box 41021                             MARYVILLE TN 37802-9800
Norfolk, VA 23541-1021
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Nationwide Recovery                 Vanderbilt Mortgage
545 Inman St W                      500 Alcoa Trl
Cleveland, TN  37311-1768           Maryville, TN  37804-5516
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Ally Bank                        (d)LVNV Funding LLC                 (d)LVNV Funding LLC
                                    PO Box 10587                        PO Box 10587
                                    Greenville, SC 29603-0587           Greenville, SC 29603-0587


(d)Synchrony Bank                   (d)Vanderbilt Mortgage and Finance, Inc.   (d)Vanderbilt Mortgage and Finance, Inc.
c/o PRA Receivables Management, LLC PO Box 9800                         PO Box 9800
PO Box 41021                        Maryville, TN 37802-9800            Maryville, TN 37802-9800
Norfolk VA 23541-1021
```

```
End of Label Matrix
Mailable recipients    28
Bypassed recipients     6
Total                  34
```